AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

**SEALED**

| United States of America | ) |
|---|---|
| v. | ) |
| SERGIO DAVID JAIME-ZAZUETA | ) Case No. 8:24MJ175 |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **see offense description** in the county of **Seward** in the District of **Nebraska**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1)&(b)(1) | On or about April 25, 2024, in the District of Nebraska, Defendant SERGIO DAVID JAIME-ZAZUETA did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance. In violation of Title 21, United States Code, Section 841(a)(1) & (b)(1). |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

COREY KROPP, DEA Special Agent
*Printed name and title*

☐ Sworn to before me and signed in my presence.

☑ Sworn to before me by telephone or other reliable electronic means.

Date: **Apr 25, 2024**

*Judge's signature*

City and state: Lincoln, Nebraska

Jacqueline M. DeLuca, U.S. Magistrate Judge
*Printed name and title*

Corey Kropp, a Special Agent (SA) with the United States Drug Enforcement Administration (DEA), being duly sworn, deposes and states:

1. I am authorized by the DEA as a Special Agent with authority to conduct investigations and arrests pursuant to violations of Title 21 and Title 18 of the United States Code (U.S.C.).

2. I am presently employed by the DEA as a Special Agent and have been so employed since February, 2021. During the course of my employment with the DEA, I have attended and graduated from the DEA Academy in Quantico, Virginia. During my employment as a Special Agent, I have been involved in investigations involving the illicit trafficking and distribution of controlled substances.

3. The facts set forth in this affidavit are known to me as a result of my personal participation in this investigation and through conversations with investigators with the DEA and other law enforcement officers.

4. On April 25, 2024, at approximately 12:29 p.m., Seward County Sheriff's Deputy Mejstrik conducted a traffic stop on a red Toyota Highlander with Florida plate HKWT92 for following vehicle too closely near mile marker 382 on Interstate 80, eastbound. The driver and sole occupant of the vehicle was identified as Sergio David JAIME-ZAZUETA. Deputy Mejstrik deployed his state certified drug detection canine to sniff the vehicle, and the canine indicated to the odor of narcotics emanating from the vehicle.

5. Based on the positive alert, Deputy Mejstrik conducted a search of the vehicle for the presence of drugs. In the trunk of the vehicle, Deputy Mejstrik located three plastic storage boxes which were concealed by a blanket. Located within those tubs, Deputy Mejstrik found multiple plastic bags containing a crystalline substance suspected to be methamphetamine. Additionally, in the back seat of the vehicle, Deputy Mejstrik found a

black plastic trash bag. Within it, he found additional plastic bags containing a crystalline substance, also suspected to be methamphetamine. He field tested the suspected methamphetamine using a chemical reagent and the test resulted in a presumptive positive indication of methamphetamine. The total weight of the presumptive methamphetamine is believed to be approximately 200 pounds. Below is a picture of the seized methamphetamine taken shortly thereafter:



6. Based on your affiant's training, knowledge, and experience, this packaging and quantity of methamphetamine is for distribution and not simply for personal use.

7. Sergio David JAIME-ZAZUETA was transported to the Seward County Sheriff's Office for questioning. After waiving his Miranda rights, Sergio David JAIME-ZAZUETA told

SA Corey Kropp, utilizing Omaha Police Detective Juan Jimenez for Spanish translation, that he intended to deliver the "crystal" (based on my training and experience, "crystal" is slang for methamphetamine) to St. Louis, Missouri. Additionally, Sergio David JAIME-ZAZUETA stated that he had stopped to buy the black trash bag in order to further conceal the methamphetamine because it could be seen through the vehicle window. Sergio David JAIME-ZAZUETA stated that he had rented the Toyota Highlander in Stockton, California.

8. It is the affiant's belief that probable cause exists to arrest Sergio David JAIME-ZAZUETA for a violation of Title 21 U.S.C. § 841(a)(1), 841(b)(1), Possession with intent to distribute more than 500 grams of methamphetamine.

The affiant states the above statements are true and correct to the best of his knowledge, information, and belief.

Corey Kropp

_____
Special Agent, Drug Enforcement Administration

Subscribed and sworn to before me via reliable electronic means this 25th day of April 2024 in Lincoln, Nebraska

_____
JACQUELINE M. DeLUCA
United States Magistrate Judge